IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:15-CR-147 (JCC) |
| ) | |
| JOSHUA MANUEL SANCHEZ, ) | |
| ) | |
| Defendant. ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Joshua Manuel Sanchez's Motion for Revocation of the Detention Order entered by United States Magistrate Judge Michael S. Nachmanoff on April 27, 2015. [Dkt. 19.] The Court denied the Defendant's motion in open court after hearing argument of counsel. This opinion memorializes the Court's findings.

### I. Background

On March 19, 2015 a criminal complaint was filed in this district charging the Defendant with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. On March 23, 2015, the Defendant was arrested in San Ysidro, California near the Mexican border. The following day, the Defendant appeared in the Southern District of California, and he subsequently waived his right to an identification and removal hearing. He was detained pending removal to this district.

1

On April 24, 2015, United States Magistrate Judge Nachmanoff held a preliminary hearing and detention hearing. Judge Nachmanoff found probable cause, and by clear and convincing evidence that there is a serious risk that the Defendant will not appear and that he will endanger the safety of another person or the community.  On April 27, 2015, Judge Nachmanoff entered an order of detention pending trial.  On May 21, 2015, the grand jury returned an indictment charging the Defendant with one count of conspiracy to commit wire fraud and four counts of wire fraud.

On May 26, 2015, the Defendant filed a Motion to Revoke the Detention Order.  [Dkt. 19.]  The Government opposes the Defendant's motion and asks that he be detained pending trial.  [Dkt. 20.]  The Court heard oral argument of counsel on May 28, 2015 and denied the Defendant's motion.

## II. Legal Standard

"When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions or release." United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001); see also United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1989) (citations omitted); 18 U.S.C. § 3145(b).

**III. Analysis**

After conducting a hearing pursuant to the Bail Reform Act, if the Court determines that no condition or combination or conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the defendant shall be detained pending trial. 18 U.S.C. § 3142(e). "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." Stewart, 19 F. App'x at 48 (citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992)). The Government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings, or by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Stewart, 19 F. App'x at 48 (citations omitted); see also United States v. Simms, 128 F. App'x 314, 315 (4th Cir. 2005) (citing 18 U.S.C. § 3142(f)(2)).

In determining whether there are release conditions that can meet that standard, the judicial officer shall consider the following factors: (1) nature and the circumstances of the offense charged; (2) weight of evidence against the person; (3) history and characteristics of the person; and (4) nature and

3

seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g).  Nothing in the Bail Reform Act "shall be construed as modifying or limiting the presumption of innocence."  18 U.S.C. § 3142(j).

If the judicial officer finds that there are release conditions that will reasonably assure the appearance of the defendant and protect the community, the judicial officer shall order pretrial release of the person on personal recognizance or upon execution of an unsecured appearance bond.  18 U.S.C. § 3142(b).  If pre-trial release is appropriate, but a personal recognizance or an unsecured bond will not reasonably guarantee the return of the defendant for trial or will endanger the safety of the community, the judicial officer shall release the defendant "subject to the least restrictive further condition, or combination of conditions" that will guarantee the defendant's appearance and protect the community.  18 U.S.C. § 3142(c)(1)(B).

The Court conducted a detention hearing in accordance with 18 U.S.C. § 3142(f).  After hearing argument of counsel, the Court found by a preponderance of the evidence that detention is necessary to reasonably assure the appearance of the defendant at future court proceedings.  This opinion memorializes the Court's decision, as guided by the section 3142(g) factors.

A. Nature and Circumstances of the Offense

The Court first considered the nature and circumstances of the charges against the Defendant. See 18 U.S.C. § 3142(g)(1). The grand jury indicted the Defendant with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and four counts of wire fraud, in violation of 18 U.S.C. §§ 1343 & 2. The maximum penalty for each count is a fine of $1,000,000 and 30 years imprisonment. Id. In the indictment, it is alleged that the Defendant and other co-conspirators perpetrated a fraudulent scheme on victims who sought out assistance with pending home foreclosures. (See generally Indictment [Dkt. 14].) The Government seeks forfeiture in the amount of $3.7 million, which represents the amount of proceeds obtained from the scheme. (Indictment at 21.) Accordingly, the charges against the Defendant are serious and weigh in favor of detention.

B. Weight of the Evidence

The Court next considered the weight of the evidence against the Defendant. See 18 U.S.C. § 3142(g)(2). The Government proffered that during the execution of a federal search warrant at the Defendant's residence, the Government obtained "hundreds of documents" related to the fraudulent scheme, including the Defendant's own handwritten notes about various victims. The Government also claims that it has

5

"concrete" evidence that links the Defendant to his co-conspirators, including text messages, cellular phone data, and financial analysis of bank accounts with direct links to the various retail mail drops used to collect the fraudulent payments. The Defendant failed to proffer any evidence to rebut the strength of the Government's case. In light of these allegations, the weight of the evidence against the Defendant is strong.

### C. History and Characteristics of the Defendant

Next, the Court considers the Defendant's personal history and characteristics. See 18 U.S.C. § 3142(g)(3). The Defendant was born in California, and has significant ties Southern California, where he has lived and worked for most of his life. The Defendant was arrested on the warrant issued in this matter in San Diego, California. The Defendant's sister and mother reside in the greater San Diego region. The Defendant has custody of his son, who resides with the Defendant's sister, Denise Sanchez Stewart, in Chula Vista, California, which is near the Mexico border. The U.S. Probation Office Pretrial Services Unit approved Ms. Stewart as a suitable third-party custodian for the Defendant. Ms. Stewart agreed to install electronic monitoring equipment in the home, post an unsecured bond, and surrender the Defendant's passport.

The Defendant's grandfather lives in Tijuana, Mexico. The Defendant has recently traveled to Mexico on multiple occasions to assist his grandfather.[1] When asked by Pretrial Services whether the Defendant needed a passport to enter Mexico, the Defendant reported that some border agents require a passport, while others do not. The Government obtained reports from the United States Customs and Border Protection agency ("CBP") that show the Defendant entered Mexico on at least four occasions between January and March of 2015, shortly before his arrest on March 23, 2015. The Government contends that these records show the Defendant repeatedly lied to CBP agents about his employment, residence, and location of his identification documents. Specifically, the Defendant claimed to work for Wells Fargo when that was never true, and claimed that his Nevada driver's license was stolen, when it was later discovered among his belongings. Also, the indictment lists the Defendant as having at least three known aliases: "Nelson Cruz," "Chris Ward," and "Daniel Mora."

Lastly, the Defendant has three prior misdemeanor convictions in Oregon and California. In 2000, the Defendant was convicted of possession of a forged instrument. In 2001, the Defendant was convicted of 4th Degree Assault. In 2004, the

---

[1] The Government contends that the Defendant has traveled to Mexico on multiple occasions recently to transfer property there and to obtain a Mexican cellular phone plan.

Defendant was convicted of Petty Theft.  The Defendant has also be charged with, but not convicted of, violent offenses in the past, including carrying a concealed firearm, assault, menacing, and strangulation.

The history and characteristics of the Defendant weight in favor of detention pending trial.  Specifically, the Court makes this finding based on the Defendant's history of fraudulent and deceitful behavior, his frequent trips to and contacts with Mexico, the fact that he admits to entering Mexico in the past without a passport, and the third-party custodian's close proximity to Mexico.

### D. Nature and Seriousness of the Danger

Lastly, the Court considers the nature and seriousness of the danger to the community or to any person posed by the Defendant's release.  See 18 U.S.C. § 3142(g)(4).  The Defendant also poses a safety risk to the community, insofar as the allegations in the indictment are concerned.  The Court notes that Pretrial Services also reported the Defendant is subject to an Active Restraining Order that protects and individual and that individual's children from the Defendant.  Thus, this factor also weighs in favor of detention.

Ultimately, the Court found by a preponderance of the evidence that no combination of conditions will reasonably

assure the Defendant's appearance at future court proceedings.[2] Stewart, 19 F. App'x at 48 (citations omitted). The nature of the offense involves fraud, manipulation, and deceit. The Defendant frequently traveled to Mexico between January and March of 2015 immediately prior to his arrest in connection with this matter. There is evidence that he made misrepresentations to border agents during his travel to Mexico. His grandfather lives in Mexico, and the proposed third-party custodian's home is close to the Mexican border. Accordingly, the Court ordered the Defendant's detention pending trial.

### IV. Conclusion

For the foregoing reasons, the Court denied the Defendant's Motion for Revocation of the Detention Order.

An appropriate order shall issue.

                                                  /s/

May 28, 2015                               James C. Cacheris
Alexandria, Virginia           UNITED STATES DISTRICT COURT JUDGE

---

[2] The Court did not find by clear and convincing evidence that the Defendant poses a danger to the community or to any other person should he be released. However, because the Court found the Defendant is a flight risk, the Court need not find he poses a danger to order his detention. Stewart, 19 F. App'x at 48.